UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**WILLIE SMITH #396121**              **CIVIL ACTION**

**versus**                            **NO. 08-1539**

**JEFFERY TRAVIS**                    **SECTION: "J" (1)**

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Willie Smith, is a state prisoner incarcerated at the B.B. "Sixty" Rayburn Correctional Center, Angie, Louisiana. On May 25, 2004, he was convicted of two counts of distribution of cocaine in violation of Louisiana law.[2] On July 2, 2004, he was sentenced on each count to a term of twenty years imprisonment, and it was ordered that his sentences run concurrently and that the first two years be served without benefit of parole, probation, or suspension of sentence.[3] On October 29, 2004, he was found to be a second offender,[4] and, on December 3, 2004, he was resentenced as such on the first count to a concurrent term of thirty years imprisonment. It was ordered that the enhanced sentence be served without benefit of probation or suspension of sentence and, additionally, that the first two years of the sentence be served without benefit of parole.[5] On October 6, 2005, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's convictions and sentences.[6] The Louisiana Supreme Court then denied his related writ application on September 1, 2006.[7]

---

[2] State Rec., Vol. IV of VI, transcript of May 25, 2004, p. 129; State Rec., Vol. I of VI, minute entry dated May 25, 2004; State Rec., Vol. I of VI, jury verdict form.

[3] State Rec., Vol. IV of VI, transcript of July 2, 2004, pp. 13-14.

[4] State Rec., Vol. IV of VI, transcript of October 29, 2004, p. 15; State Rec., Vol. I of VI, minute entry dated October 29, 2004; see also State Rec., Vol. I of VI, Reasons dated December 3, 2004.

[5] State Rec., Vol. IV of VI, transcript of December 3, 2004, p. 15; State Rec., Vol. I of VI, minute entry dated December 3, 2004.

[6] State v. Smith, No. 05-KA-203 (La. App. 5th Cir. Oct. 6, 2005) (unpublished); State Rec., Vol. II of VI.

[7] State v. Smith, 936 So.2d 195 (La. 2006) (No. 2006-KO-0248); State Rec., Vol. II of VI.

After unsuccessfully seeking post-conviction relief in the state courts, petitioner filed the instant federal application for *habeas corpus* relief on March 16, 2008.[8]  The state does not challenge the timeliness of the application but argues that it must be dismissed because petitioner has not yet exhausted his state court remedies.[9]

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner normally must first exhaust his remedies in state court before seeking *habeas corpus* relief from the federal courts.  "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts."  Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted).  Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner according to state court rules.  Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).  Further, "[a] federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement."  Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998).  The United States Fifth Circuit Court of Appeals has made clear that "[t]his requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application."  Id.  Accordingly, to determine whether petitioner exhausted his state court remedies, the Court must compare the claims asserted in the instant federal application to the claims asserted in the writ applications he filed with the Louisiana Supreme Court.

In his federal application, petitioner asserts the following claims:

---

[8] Rec. Doc. 1.

[9] Rec. Doc. 7.

1. The trial court erred in denying petitioner's motion for mistrial and in failing to grant petitioner's motion for new trial based on the prosecution's failure to comply with discovery requests and its Brady[10] obligations regarding a videotape of the crime;

2. Petitioner was sentenced in violation of La.C.Cr.P. art. 894.1 and the Sixth Amendment to the United States Constitution;

3. There was insufficient evidence to support petitioner's conviction;

4. The prosecution improperly withheld the videotape of the crime in violation of Brady and its progeny; and

5. Petitioner received ineffective assistance of counsel.

The record reflects that petitioner's only filings with the Louisiana Supreme Court were his writ application and supplemental writ application in case number 2006-KO-0248.[11] The original writ application,[12] liberally construed, included the following claims:

---

[10] Brady v. Maryland, 373 U.S. 83 (1963).

[11] In his federal application, petitioner indicates that he also sought and was denied review by the Louisiana Supreme Court in the state post-conviction proceedings. Rec. Doc. 1, pp. 4 and 12. However, the state court records furnished by the respondent contain no other Louisiana Supreme Court writ applications, petitioner neither lists a docket number for that purported proceeding or furnishes any evidence of such a filing, and Westlaw contains no information on a ruling relating to any such application.

[12] A copy of that writ application is contained in Vol. VI of the state court record.

>    1. The trial court erred in failing to grant petitioner's motion for new trial based on the prosecution's failure to comply with discovery requests and its Brady obligations regarding a videotape of the crime; and
>
>    2. Petitioner was sentenced in violation of La.C.Cr.P. art. 894.1 and the Sixth Amendment to the United States Constitution.

The supplemental writ application,[13] liberally construed, included the following claims:

>    1. The trial court erred in denying petitioner's motion for mistrial and in failing to grant petitioner's motion for new trial when the prosecution failed to comply with discovery requests regarding the videotape of the crime; and
>
>    2. Petitioner's enhanced sentence was excessive.

Therefore, petitioner has fairly presented to the Louisiana Supreme Court the substance of only the first, second, and fourth claims asserted in his federal application. He has never given that court the opportunity to consider his third and fifth claims, i.e. that there was insufficient evidence to support his conviction and that he received ineffective assistance of counsel. As a result, petitioner's federal application is, at best, a mixed petition and should therefore be dismissed on that basis. See Alexander v. Johnson, 163 F.3d 906, 908 (5th Cir. 1998) ("A habeas petition containing both exhausted and unexhausted claims is a 'mixed' petition which should be dismissed without prejudice.").

---

[13] A copy of that supplemental writ application is also contained in Vol. VI of the state court record.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Willie Smith be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-eighth day of July, 2008.

SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE